THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Christopher A.
 Woody, Appellant.
 
 
 

Appeal from York County
 Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2008-UP-534
 Submitted September 2, 2008  Filed
September 11, 2008    

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General S. Creighton Waters, all of Columbia; and Solicitor Kevin S.
 Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Christopher A. Woody, appeals his
 conviction for murder and possession of a firearm during the commission of a
 violent crime.   Woody argues the trial court erred in denying his motion for
 mistrial based on the solicitors closing statement.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
During
 the States closing argument at trial, the solicitor made the following
 comment:  Ladies and Gentlemen, this mountain of evidence that stands before
 you speaks the truth, just as your verdict will speak the truth and thats what
 verdict in its original form means, to speak the truth and thats what I ask
 you to do.  Thats what the judge asks you to do, thats what South Carolina
 asks you to do and that is your duty today, to speak the truth.  The defense
 objected to the solicitors comments arguing that the remarks gave the jury the
 impression that the judge was aligned with the States position.  The defense
 requested a mistrial, but that request was denied.  The judge decided to
 address the question of his neutrality during his charge on the law.  At the
 beginning of his charge, the judge instructed:

 The
 court is neutral in any case that comes before it insofar as the court is
 concerned and when the solicitor, I think, mentioned to you in his final
 argument, I believe, that he asked that you render a verdict which speaks the
 truth and he says that he judge wants you to do that.  Well, let me say to you
 that you should not infer from that in any way that the judge is not a neutral
 party in this case or is aligned with one side or the other in the case,
 because the judge is not.  

LAW/ANALYSIS
On
 appeal, Woody argues the trial court erred in denying his motion for mistrial
 based on the solicitors closing statement.  We disagree.  The decision to grant or deny a mistrial
 is within the sound discretion of the trial judge.  A mistrial should only be
 granted when absolutely necessary, and a defendant must show both error and
 resulting prejudice in order to be entitled to a mistrial.  State v. Ward,
 374 S.C. 606, 612, 649 S.E.2d 145, 148 (Ct. App. 2007) (citations omitted).  Generally, a curative instruction is deemed to have cured any alleged
 error. State v. Patterson, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999).  Here, the court thoroughly and meticulously instructed the jury to
 disregard any impermissible inference they may have drawn from the solicitors
 statement and to remember that the judge serves as a neutral party. 
 Consequently, the court did not abuse its discretion in denying Woodys motion
 for mistrial. 
AFFIRMED.
Anderson, Williams, and Konduros, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.